May it please the Court, my name is Anne McClintock with the Federal Defender's Office on behalf of Mr. Hatcher. We've heard a lot of conversation this morning about different aspects of these decisions and how convoluted and confusing they get. And I appreciate it, having been counsel and still am counsel for Irons and for Mr. Biggs, but not Mr. South. There are a couple of aspects to this that I want to touch on right away. The commitment offense is always relevant to the Board's decision, the Superior Court's decision, the California Supreme Court's decision, to your decision in these cases. The continuum is not a temporal one. The one that Biggs talked about and the one that Irons talks about is being read as some kind of time marker. And certainly that was the concern that the Attorney General's Office expressed this morning, that at some point spending enough time in prison will even free Charlie Manson. That's not State law. That's not due process Federal law. That's not what we're arguing in these cases. In a lot of ways, these cases that are making this mistake with this two-step analysis that we are asserting applies, is looking for a checkbox methodology, something that makes these cases simple to decide because there are so many of them. And I appreciate the Court's and Judge Schroeder's concern about time management in these cases. How do you handle them? In reality, these cases, even though we in Appointment Order say they're unusually complex, are not that complex. But they are fact-specific to each individual, and that's where it becomes a burden on us as advocates and on the Court. But that's not any different than in a Social Security administrative appeal. That's not any different than in a search warrant appeal. That's not any different in a Jackson v. Virginia. It's true, and in those cases, Congress has said that you shall have a right of to have a review directly by a court of appeals. Here, we are not directly reviewing a parole board decision. Right. We are reviewing in ADPA. In that end, there are lots and lots of these cases. Congress has never said you shall review the reasoning in each of these cases in order to determine whether or not it's supported by substantial evidence on an administrative law standard. It's an act of very deferential statute towards State court decisions. It is. But that does not – my point is, and I want to just acknowledge that we adopted in this case also the argument that the Antiterrorism Act doesn't apply to these cases, but putting that aside, you go through the same – it's not that different than doing a conviction challenge. You have to identify what is the constitutional right at issue. Does it exist? And that's where Greenholz and Allen play into this. There is a constitutional liberty interest to parole in California for these class of – for our clients, our prisoners. And that's what's important about Biggs, McClellan, and Irons. They recognize that. And unless Irons goes en banc, which it may or might – that's up to you folks, not me, to decide at this point, that's what this panel is bound by. So that's the first component. There is a liberty interest. You have to decide now whether it has been violated. Okay? You can do that in a couple different ways depending on how you want to apply the Antiterrorism Act, whether you want to look at the unreasonableness of the state court decision first or whether you want to do there is no violation. In the cases where there is ample evidence to support the various factual findings that the board makes that are adopted, that are recognized by the superior court decision or whatever state court decision is. And if in the simple cases, say, for example, the prisoner was pepper sprayed because of a fistfight two months before the parole hearing and the board relies on that fact finding. That's not anything in any of our cases and not in Mr. Hatcher's case. You would say that there is ample evidence to support that this person's constitutional rights are not violated. There is evidence to support that he is a current danger to the public. And then you don't even have to get to what did the state – the state court have said, you know, they could have made some kind of bureaucratic mistake and talked about somebody else's factors. That wouldn't – you know, somebody else's case. They could have used case names or something. That would not give him a right in Federal court to relief because he has a constitutional right that has not been violated. So in our guy's case, in Mr. Hatcher's case, he has a commitment offense for kidnapping and many sexual offenses. He has a life plus 5-year term. He comes up to parole. The board comes up with I think I counted seven reasons. The superior court says most of those don't even apply, but the commitment offense and his lack of parole plans are sufficient under current State law. Well, the board never relied on parole plans. So if you're going to look at an Antiterrorism Act analysis, that factual finding is an unreasonable factual finding under the record. It's not true. The board didn't rely on it. It's not true. So that's one aspect of it. So you're – this is a case that brings you down to the only factual finding found by the board, found by superior court, is that – is the facts about the commitment offense, which takes you back to Judge Canvey and Judge McEwen, and I'm sure Judge Schroeder asked this question again, is how do you decide what to do with that? And this is where you come back to what is the liberty of interest. It's an issue. It's his right to be paroled. The Attorney General keeps saying that these class of prisoners only had a hope. That's wrong. Under Federal law, that is wrong. Under State law, that is wrong. That's what Greenholds, Allen, and that's what the State court's interpretation of 3141B tells us. These folks have an absolute right to be found suitable parole and have a parole real estate set once they no longer pose an unreasonable risk of danger to public. Obviously, we disagree vehemently about when that event happens. Yes. Well, that's – we're right back where we started. And this is the, you know, the $100 million question is, you said the commitment offense is always relevant. And here, you know, we have the commitment offense. We have the other prior offenses. We have the recency of the drug counseling. There's a number of reasons given here. Right. But if you push everything else aside and say it's just the commitment offense and it's described in detail through various documents here. And there's no dispute. Mr. Hatcher, even though he doesn't remember because of his drug-addicted state, he fully admits and is embarrassed and is remorseful. And that's all that is credited by the board. So we don't even have that complication.  But we have this commitment offense that's deemed to be heinous and, you know, more atrocious, et cetera, because of the various aspects. So we're back to the big question here is how does the Federal court sit in judgment of the State court decision on that? Okay. Well, the State court's decision is the commitment offense alone is sufficient. Correct. That cannot be right. It would be completely arbitrary because the board in 2000 released one of the co-defendants who committed the same offense. Actually, he committed a worse offense. The facts of Mr. Hatcher. You know, we have situations that happen in criminal law where one thing happens to a co-defendant and we say, well, we can't really, you know, we can't benchmark it against that as you are right. You can't from a deciding argument. If we couldn't on a conviction, how could we on a post-sentence release? Because the question on a conviction is, are you limited in what you are going to impose as a sentence? The question here, the fundamental question here is the nature of Mr. Hatcher's specific commitment offense by itself, just in isolation, sufficient to be some evidence to support that he currently is, in 2003, is it a danger to the public. It can't be because the same facts in Glenn Turner's situation where he committed the same offense against the victim in Mr. Hatcher's case, and then a few months later with the other co-defendant, Mr. Earle, committed the same offense against another woman, same scenario, where Mr. Hatcher wasn't even involved. So he's more culpable because he's done this twice. The board found him suitable. Now, we don't know the specifics of it, but it highlights the point that it's the commitment offense is never in isolation. None of these cases are decided in isolation. And what Dannenberg says, the State likes to talk about the aggravated nature from Rosencrantz and Dannenberg, but what those cases say is if there are those extra things, those become important and those are sufficient when they indicate that the person, the prisoner remains a danger to the public. So the extra sex offenses in Mr. Hatcher's case, the violence from his previous history, what do we know about the specifics of his facts? Here's where I'm having a trouble with his case, is that the board basically says he needs to continue to participate in the self-help. And until then, he is unpredictable and a threat to others. So more than even in some of the other cases we have with a very specific finding about threat and dangerousness, and then they go on to talk about the additional time to gain programming so that he can actually kind of acknowledge and deal with the facts of how he came to be here. So here it seems that they've offered at least some evidence, even if you disagree with their conclusions. But the superior court disagreed with it as well. I mean, from an ADA pay kind of deference point of view, superior court said that was one of the things that was insufficient. There was no evidence to support that. Because he had, in fact, the board had said you only started programming with AANN, I think it was 2001. He pointed out, no, it was back in the 90s I'd done it. When I heard in 2001 I need to do it continuously, I said, you're right. And I started. And he's been doing it since. So superior court rejected that factual basis. And it really went back to it's the commitment offense. And the point is that you review these things just like in a search warrant case. You look at what are the facts. Is it evidence sufficient to decide that a crime has been committed? But then there has to be a linkage to say that the defendant is involved in that. All right. You have used your time. All right. Thank you. Thank you. May it please the Court, Deputy Attorney General Casey Jones, on behalf of Respondent. The district court's decision in this case should be affirmed because Hatcher received all of the process due under currently established federal court law. Because we have already addressed these issues substantially in the prior cases, I would like to respond to appellant's arguments. First of all, the superior court decision in this case found that there was some evidence to support the board's decision. Further, it is not up to the superior court and the superior court is not entitled to re-weigh evidence. It is the board's discretion to make these determinations. In addition, appellant ---- Do you agree that there's some evidence that has to be confined to the crime of conviction? Could you repeat that, Your Honor? Do you agree that there's some evidence that the State court found has to be confined to the crime of conviction? In other words, the parole plan that the State court mentioned was something that the board had never reached, really? No, Your Honor. The board can consider any evidence before it in order to ---- What I'm getting to is my understanding is that the State court gave two reasons. One was the nature of the crime of which he was convicted, and the other was that he didn't have a parole plan. But the argument is that the board never considered whether he had a parole plan. So we can't really rely on that reason in the hands of the State court. Well, Your Honor, if you will refer to the trial court decision, it's excerpts of Record No. 4. The trial court's decision is actually a total of four pages long, and it goes through thoroughly all of the decisions or all of the things analyzed by the board in making its determination. It is only one sentence in which they say they doubt the board's decision. They come back to say that only a modicum of evidence is required, and therefore, the sum evidence standard is met. And the sum evidence, they disagreed with a lot of the evidence before the board, I guess. But, I mean, they disagreed with some of the considerations that the board made, some of the statements the board made. Right. So are you – would you base your argument, then, just on the offense of conviction, or are you urging other things as well that make him dangerous? I would not rely solely on the commitment offense, because I believe that according to California state law, the State courts are only entitled to consider the board's decision for some evidence. They are not allowed to reweigh the evidence. So they're reweighing the evidence in their decision. They're not authorized to do that, although they have in this case. But if necessary, I believe that the commitment offense itself is more than some evidence of the appellant's danger to society. Not only did he commit a kidnapping, he kidnapped an 18-year-old girl, and he sexually assaulted her nine times over a 24-hour period. He also blames the crime on his abuse of drugs and alcohol, and at one point says that he blacked out and couldn't remember the crime. Then he appears before the board and he says, I attended AA or NA from 1993 to 1995. The board instructs him to attend again, and then he attends from 2001 to 2003, or in addition to that. 2003 was when the hearing was. And then he pledges when he gets out to attend AA and NA. But we don't know that. That's a prediction. And the board cannot predict what he's going to do. The board can only review what the inmate has done while he's been incarcerated. While he's been incarcerated, at least for the 18 years prior to this hearing, he had only attended a total of five years' worth of AA and NA hearings. That's not enough. Not enough for somebody who kidnaps a girl and sexually assaults her nine times and then blames his conduct on alcohol and drug abuse. Alcohol and drug abuse is a lifetime problem, and he's only been dedicated to attending AA and NA in relation to the board's instructions to him to do so. The point is that we don't really know what the superior court did because the superior court judge says that there's some of the board's arguments that they don't believe there's evidence for. And then they say, but there is evidence for the crime of conviction and parole plans. So the question is, all of your arguments don't really go to his parole plans, though, correct? I think Judge Canby's question is, where do they even come up with the parole plans issue when it isn't in the board's five-page decision? It's unclear to me where they got that. So we kind of have to X that out, right? Okay. So then we're back to the crime of conviction? Right. And as you read the superior court decision, then, is there anything else we should look to? Well, I believe that they found some evidence to support the denial, and I don't believe that the superior court has to go through and enumerate every single reason why it found some evidence. So although it addressed the commitment offense and the lack of parole plans, which admittedly I'm not sure where they got that information, that does not preclude them from considering all of the other factors that were considered by the board. And they found some evidence, and that's what they need to find is some evidence. They found the modicum of evidence that was required, and therefore, their decision should be upheld. In closing, I would just like to advise the Court that under Federal law, Hatcher received all of the process due. He got an opportunity to be heard, and he got a written statement of the decision. He does not contest this. There was also some evidence. If some evidence is even necessarily the test, as we've heard previously under Moose Law, it's not necessarily clear anymore whether or not some evidence is even the appropriate test, but regardless, there is some evidence. Therefore, I would request that this Court affirm the district court's decision. Unless the Court has any more questions, I'll submit. Thank you. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Maximum Comfort v. Levitt. Levitt. Thank you.
judges: Schroeder, Canby, McKeown